IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN C. STRAND | : | |
| Petitioner | : | |
| v. | : | Civil Action No. ELH-20-2332 |
| WARDEN OF PGCCC | : | (Habeas Corpus § 2241) |
| Respondent | : | |

**RESPONDENT WARDEN OF PRINCE GEORGE'S COUNTY'S
MEMORANDUM OF LAW IN SUPPORT
OF ANSWER TO PETITION FOR WRIT OF *HABEAS CORPUS***

**STATEMENT OF THE CASE**

By indictment filed on August 23, 2018, in the Circuit Court for Prince George's County, Maryland, the State of Maryland charged Stephan Chandler Strand (hereinafter "Strand" or "Petitioner") with Robbery with a Deadly Weapon, conspiracy to do the same, and related offenses of assault, theft, and use of a handgun. *State v. Strand*, Case No. CT-18-1106B (Cir. Ct. Pr. George's County). [See Exhibit One, State Record 16–25].[1] Trial is currently scheduled for January 19, 2021 before the Circuit Court for Prince George's County (hereinafter "trial court" or "Circuit

---

[1] In accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Respondents file Exhibit One with this Memorandum, entitled, "State Record," which contains the trial-court docket entries followed by select state-court filings, indexed in chronological order, and paginated as a single volume. The abbreviation "SR" used in the main text above refers to this exhibit.

Court"). [SR 14]. These charges arise from three consecutive armed robberies of three different businesses all within one day. Petitioner is currently being held without bond at the Prince George's County Department of Corrections ("PGCDOC").

Strand brings this *pro se habeas corpus* action challenging his continued detention in CT18-1106B, in light of "Nolle Pros" or Nolle Prosequi being entered on all 37 charges of his indictment on or about October 2, 2019, which he argues should have closed his case and allowed his release. [ECF 1 at 2].[2] He alleges that that his pretrial detention and continued prosecution are "illegal" and violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution because, "case CT18-1106B was closed with a disposition of 'Nolle Pros.'" [ECF 4 at 1].

Although a challenge to pretrial detention is cognizable under 28 U.S.C. § 2241, the familiar exhaustion requirement applicable in a *habeas corpus* action brought under Section 2254 also applies to one brought under Section 2241; Strand has failed to exhaust available state-court remedies, which he concedes. [ECF 1 at 1].[3] Further, Strand's representation of the facts is inaccurate, as all 36 charges have never been dismissed, are still active in CT-18-1106B and he is being lawfully detained pending trial. The Court should accordingly dismiss the petition with prejudice.

---

[2] Pinpoint citation to a page of an existing ECF document refers to the PDF page number listed in the ECF document header and not to any native file page number, which may be different.

[3] Petitioner later asserts that he has asserted all state remedies, which is factually incorrect. [ECF 5 at 1].

2

## REASONS FOR DISMISSING THE PETITION

### I. STRAND'S CLAIMS ARE UNEXHAUSTED WITH STATE CORRECTIVE PROCESS REMAINING.

A federal court's power to issue a writ of habeas corpus is addressed in two sections of Title 28 of the United State Code. In pertinent part, Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a) (Westlaw thru P.L. 115-279). This statute authorizes relief when, among other reasons, the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" *Id.*, § 2241(c)(3).

Section 2254, meanwhile, provides that the "Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*, § 2254(a) (Westlaw thru P.L. 115-279).

Although the texts of these two statutes appear similar in granting jurisdiction, Section 2254 is the exclusive cause of action for a state prisoner challenging the constitutionality of his custody when that custody arises from a state-court judgment of conviction. *In re Wright*, 826 F.3d 774, 778–83 (4th Cir. 2016); *see also Felker v. Turpin*, 518 U.S. 651, 662 (1996) (restating the broad notion that jurisdiction to award *habeas* relief to a state prisoner is limited by Section 2254). As the more specific and later enacted statute, Section 2254 tempers the broader grant of habeas corpus

jurisdiction in Section 2241. *In re Wright*, 826 F.3d at 780. Or stated differently, Section 2254 "is more in the nature of a limitation on authority than a grant of authority." *Id*. "Therefore, when a prisoner being held pursuant to the judgment of a State court files a *habeas* petition claiming [that either his judgment of conviction or] the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific § 2254 and all associated statutory requirements shall apply, regardless of the statutory label the prisoner chooses to give his petition." *In re Wright*, 826 F.3d at 783 (cleaned up).

Conversely, Section 2241 remains available to a state prisoner challenging detention arising from a pretrial bond order, extradition, or any other cause not rooted in a final judgment. *See, e.g., Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011). Because Strand challenges his pretrial detention and the denial of release from detention, his federal cause of action lies under Section 2241.[4]

"Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement," like its familiar Section 2254 counterpart, "courts consistently require prisoners to exhaust their state court remedies before seeking habeas review" of any kind. *Caldwell v. Maryland*, GLR-14-1924, 2014 WL 7185297, at *1 (D. Md. Dec. 15, 2014) (citing *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490 (1973) (requiring exhaustion in a Section 2241 action); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir.2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek

---

[4] Petitioner is not challenging the denial of bail in this action.

federal habeas relief")). This prudential form of exhaustion operates just the same as the statutory form. Thus, a state prisoner seeking federal habeas relief must, absent a valid excuse, present each of his habeas claims first to the state courts having jurisdiction to consider them, including the state's highest court. 28 U.S.C. § 2254(b)(1)(a); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Anthony v. Schuppel*, 86 F. Supp. 2d 531, 535–36 (D. Md. 2000). The petitioner bears the burden of showing that both the operative facts and the controlling legal principles were fairly presented to the state court. *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010).

This prudential exhaustion requirement carries particular weight in a *habeas corpus* action challenging pretrial detention. Absent extraordinary circumstances, a federal court abstains from considering the claim of a pretrial detainee, regardless of the claim's arguable merit, when the claim can be raised and adjudicated in the course of the ongoing state criminal process. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *see also Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power"); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52–53 (4th Cir. 1989) (echoing same).

Setting aside a renewed motion for bail review, these remedies include a state-court petition for a common law writ of habeas corpus, which is specifically authorized in Strand's circumstances with prompt, albeit limited, appellate review. *See generally*

Md. Code Ann., Cts. & Jud. Proc. §§ 3-701, 3-707 (Westlaw thru 2020); Md. Rule 15-303(b) (Westlaw thru Sept. 22, 2020).

In this case, Strand concedes that he has not exhausted his state-court remedies. [ECF 1 at 6]. Upon review of the record in the trial court, it is clear that Strand has presented this very same claim several times to the Circuit Court for Prince George's County, where several judges have reviewed and denied his relief. Further, when the Assistant State's Attorney and Assistant Public Defender in this case filed motions and responses in the Petitioner's criminal case, they both always referred to pending charges and not a single instance of a Nolle Prosequi being entered. [Ex. 1, SR58, 66, 67, 70, 75].

Petitioner filed several motions *pro se* on this basis, despite having an Assistant Public Defender entered as defense counsel in the case after the alleged Nolle Prosequi was entered. [SR66]. Petitioner states in his Petition for Writ of Habeas Corpus and Supplements to the Petition [ECF 1, 4, 5, 6, 7] that he filed such motions, and also brought up the issue of his illegal detention to his defense attorney, Lia Rettammel from the Office of the Public Defender, who advised him that the appearance of dismissal on Maryland Case Search was likely a mistake. ECF 6 at 1. [5]

---

[5] Ms. Rettammel did file a "Motion for Bond Review" in Petitioner's case on January 13, 2020, referencing the *pending* charges against Strand. [SR67-68]. At no point did the Motion raise the allegation of illegal detention in light of all charges being dismissed. Judge Wallace heard and denied this motion. [SR69]. Ms. Rettammel later filed a "Motion for Modification of Pretrial Release Conditions and Request for Evidentiary Hearing" on April 14, 2020, related to the COVID-19 pandemic and conditions at PGCDOC. [SR75-84]. Again, this motion never raised any allegation

While unable to verify whether Petitioner verbally raised the issue of his continued detention before the Circuit Court as he claims,[6] he filed a "Motion for Immediate Release" *pro se* on August 6, 2020, asserting that his case was "closed with a disposition of 'Nolle Pros'", which was denied by the Honorable Sean D. Wallace the same day. [Ex. 1, SR87-102]. On August 10, 2020, Petitioner filed another "Motion for Immediate Release" *pro se,* which was denied by the Honorable Michael R. Pearson on August 13, 2020. [SR103-104]. Petitioner then filed another *pro se* pleading entitled "Issuance of Writ of Habeas Corpus" on August 14, 2020. [SR105-107]. A handwritten notation by the Honorable Nicholas E. Rattal can be seen on the margin of the motion, dated August 20, 2020, stating the denial was based on "no record of case entering nol prosse, case still pending." [SR105]. Judge Rattal then issued a formal order on September 1, 2020, denying the "Issuance of Writ of Habeas Corpus." [SR108]. Each of these motions asked the Circuit Court to grant Strand immediate release in light of the alleged "Nolle Pros" entered on all his charges on October 25, 2019, as indicated on Maryland Case Search.

---

of illegal detention based on the charges being dismissed, only that because courts were closed in Maryland, pretrial detention were potentially "indefinite." [SR79]. The requested relief was only to release Petition on his personal recognizance or unsecured bond. [SR82]. Judge Rattal denied this motion. [SR85].

[6] According to available court records, Petitioner's pertinent hearings before the Circuit Court were recorded on October 25, 2019, November 18, 2019, December 19, 2019 January 27, 2020, and June 30, 2020. No transcripts were available as of the date of filing, but can be requested and made available within 30 days of the Court's notification to the Respondent, pursuant to Rule 5 of the Habeas Rules. It is unclear whether recordings of the hearings on February 21, March 6 or March 13, 2020 exist, but summaries of those events are detailed in the Adult Daily Sheets for those dates.

On September 15, 2020, Petitioner filed yet another pro se motion, "Response to Denial of Writ of Habeas Corpus" asserting the same argument as his previous motions. On September 16, 2020, Judge Rattal filed another Order of Court, describing the procedural history of the issue raised by Strand and explained that there was no evidence in the court file to support his claim that his charges had been dismissed, reaffirming the previous denial of his Petition for Writ of Habeas Corpus. [SR112-114]. Judge Rattal explained that upon seeing the attached Maryland Case Search entries[7] attached to Strand's Response to the Denial [SR117-121], a second review of the court file was done and the Circuit Court confirmed that Strand was not present in court on October 2, 2019, no event occurred in his criminal case on that day, and there was no document, such as a daily sheet, in the file to indicate any action taken in his case.

Despite this lengthy explanation, Petitioner filed a "Re[s]ponse to Court Order" on September 16, 2020, raising the same issues yet again and referencing this current action. [SR115]. However, all previous motions and this last response filed in the Circuit Court did not exhaust available state remedies as required by §2241 and §2254. Petitioner failed to exercise his right to file for application for leave to appeal of the denial of his petition for a writ of habeas corpus by Judge Rattal. Under Maryland

---

[7] Circuit Court personnel and associated agencies access case docket information from a different electronic records system called CAPS. The courtroom clerks input docket entries using a system called ACS. Maryland Judiciary Case Search, which is an online tool that displays court records available to the public only, is generally not used by Circuit Court personnel, as it does not display all information.

law, the application is due to the Court of Special Appeals within ten (10) days of the denial. Md. Code Ann., Cts. & Jud. Proc. §3-707. No such application has been docketed in the state courts as of the date of this filing. Due to his failure to file for appeal of Judge Rattal's denial on September 1, 2020, Petitioner has failed to adequately exhaust the available state remedies as required by §2254.

Because Petitioner has failed to exhaust his state court remedies, this Court should not exercise jurisdiction in this case. On this basis, the instant action should be dismissed.

## II. STRAND'S CRIMINAL CASE IS STILL ACTIVE, AND NO CHARGES WERE ENTERED NOLLE PROSEQUI.

Section 2254 states that "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2). In this case, even if Petitioner had exhausted his state remedies, he is still not entitled to habeas relief in this action.

Petitioner asserts that, according to his "case docket," namely the information presented online on the Maryland Judiciary Case Search website, all 36 counts of his indictment were entered Nolle Prosequi on October 2, 2019. Despite his case being allegedly closed out with this finding, he remained incarcerated and forced to attend court hearings after this date. [ECF 1 at 2; ECF 6 at 1].

Strand states that he raised the issue of his release before Judge Rattal on October 25, 2019 [ECF 4 at 1-2], but there is nothing reflected in the docket entries to that effect. [Ex.1, SR55]. However, the statement that Petitioner attributes to Judge Rattal is factually accurate, in that there is no document in the court's physical file that indicate any Nolle Prosequi was entered. [Ex. 1, SR112].[8] Petitioner fails to understand or acknowledge that docket entries, input by courtroom clerks, are only reflective of what is in a court's case file and is not the official court record. Entries made in a court's recordkeeping system (in this case, the Circuit Court for Prince George's County uses ACS) are linked to Maryland Judiciary Case Search, but the contents of the court's file are what is controlling. [See Exhibit Two - Maryland Judiciary, "What Can the Public See about Me in Court Records and on Case Search?"[9]]. Notably, Petitioner never asserts that he was present in court on October 2, 2019, nor that he received any notice from the Clerk of the Circuit Court indicating the entry of a Nolle Prosequi, which is required by Maryland Rule 4-247 had such an action taken place. Petitioner would be unable to produce such a document, since one never existed.

---

[8] While this hearing was recorded, no transcript was made as of the date of this filing. However, Respondent does not contest Petitioner's recitation of Judge Rattal's statement explaining that no Nolle Prosequi was supported by any entry or document in the court's file.

[9] https://www.courts.state.md.us/sites/default/files/import/accesstojustice/pdfs/01goldwhatcanthepublicseebrochure.pdf (last accessed September 22, 2020)

As stated above, several judges heard Petitioner's claims and determined that they were unfounded. In his Order of Court dated September 16, 2020, Judge Rattal explained that every daily sheet from every case heard in the entire courthouse on October 2, 2019 was reviewed in order to confirm that no action was taken in CT18-1106B or in any case with Petitioner's name. No evidence was ever found to indicate that the State of Maryland filed a line to enter Nolle Prosequi on any charge in Petitioner's case. No docket entry was signed by a Circuit Court judge and Assistant State's Attorney confirming the entry of a Nolle Prosequi in the case, which is why no release order was sent to PGCDOC for Petitioner's release. [SR113]. Judge Rattal also pointed out that when Petitioner appeared before the Honorable Beverly J. Woodard on June 30, 2020, he failed to raise the issue of his illegal detention, but instead was considering a plea offer from the State and advised of a new trial date. [SR113]. It makes little sense that a plea offer would be under consideration, especially with encouragement from his own defense counsel, if Petitioner was entitled to immediate release with no criminal charges against him. [ECF 6 at 2].

During this review of Petitioner's criminal case file, Judge Rattal's chambers contacted the Clerk of the Court and discovered that a clerical error had been made, which resulted in the erroneous "Nolle Pros" information appearing on Maryland Judiciary Case Search. [Ex. 1, SR113]. The September 16, 2020 Order of Court directed the Clerk's Office to correct the docket entries for October 2 and 4, 2019, which would then properly present online on Maryland Judiciary Case Search. This

change was immediately effectuated by the Clerk's Office, who also made a notation in a memo to the court file. [SR122].

Although Petitioner filed a *pro se* "Motion for Review and Reduction of Bail and Request for Hearing" on December 4, 2019, there was no mention of the alleged "closing" of his case that should have facilitated his release, nor had any motion been filed prior to that time, after the alleged Nolle Prosequi was allegedly entered on October 2, 2019. This is likely because Petitioner was aware that this was, in fact, a clerical error due to responses received from Respondent, when inquiring about his release date. [Ex. 1, SR 063-64]. He was told repeatedly by the Records Department at PGCDOC that his case was not closed and that trial dates remained pending. [See Exhibit #3 - Affidavit of Major Luke Dixon, Attachment B – Inmate Request Forms]. Further, he admits his own defense attorney, who is bound ethically by a duty of loyalty, told him it was likely a mistake.

Because his criminal prosecution remains ongoing, this Court should be loath to interfere in this case. The appropriate disposition is to dismiss the petition with prejudice so that Strand may remain detained pending trial for the 36 criminal charges, including several felonies, for which he was indicted by a grand jury of Prince George's County citizens.

## CONCLUSION

Respondents respectfully suggest that a hearing is unnecessary and ask the Court to dismiss the petition with prejudice.

**RHONDA L. WEAVER
COUNTY ATTORNEY**

**ANDREW J. MURRAY
DEPUTY COUNTY ATTORNEY**

*Ann E. Koshy* /s/
Ann E. Koshy, Fed. Bar No. 19333
Associate County Attorney
PRINCE GEORGE'S COUNTY OFFICE OF LAW
Wayne K. Curry Administration Building
1301 McCormick Drive, Suite 4100
Largo, MD 20774
Direct: (301) 952-5225; Fax: (301) 952-3071
aekoshy@co.pg.md.us
*Counsel for Respondents*

Filed:  09/22/2020

CERTIFICATE OF SERVICE

I certify that on this day, September 22, 2020, I electronically filed the foregoing "Answer to Petition for a Writ of Habeas Corpus" through CM/ECF, and that a copy was mailed by first-class U.S. Postal Service, postage prepaid, to Stephan C. Strand, Inmate #037418, 13400 Dille Drive, Upper Marlboro, MD 20772.

                                                *Ann E. Koshy* /s/
                                                Ann E. Koshy,
                                                Associate County Attorney

                                                *Counsel for Respondents*