# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

STEPHEN C. STRAND,                         *

Petitioner                                 *

v                                          *          Civil Action No. ELH-20-2332

WARDEN OF PGCCC,                           *

Respondent                                 *
                                          ***

## MEMORANDUM

On August 12, 2020, the court received a "Complaint" from Stephen C. Strand, who is self represented, alleging that he is being held unlawfully in detention at Prince George's County Correctional Center ("PGCCC") in Upper Marlboro, Maryland.  ECF 1.  According to Strand, the charges that led to his detention have been nolle prossed and therefore he should be released.  *Id.* Because Strand seeks immediate release, *id.* at 2, the court construed the pleading as a Petition for Writ of Habeas Corpus.  ECF 3.  Strand has since filed several supplements.  *See* ECF 4, ECF 5, ECF 6, ECF 7, ECF 8, ECF 12, ECF 17.

On September 23, 2020, Respondent filed an amended answer (ECF 11), with exhibits that pertain to the State record.  He argues that the Petition should be dismissed, without prejudice, because the claim is unexhausted.  Strand replied.  ECF 16.

No hearing is needed to resolve this matter.  Local Rule 105.6.  For the reasons set forth below, Strand's Petition shall be dismissed, without prejudice.

## I.     Background

By Indictment filed on August 23, 2018, in the Circuit Court for Prince George's County, Maryland, Strand was charged with robbery with a deadly weapon, conspiracy to do the same, and related offenses of assault, theft, and use of a handgun.  *State v. Strand*, Case No. CT-18-1106B

(Cir. Ct. Pr. George's Cnty.), ECF 11-2 at 18-27.  He was subsequently detained at PGCCC.

Strand claims that on September 16, 2019, he appeared before Judge Sean D. Wallace in the Circuit Court.  He argued that the court lacked personal jurisdiction in his criminal matter. ECF 12.  Following the proceeding, Strand moved to dismiss the charges.  *Id.*  He claims that on October 2, 2019, a nolle prosequi was entered on all charges.  However, Strand was not released from PGCCC.  ECF 1.

In January 2020, Strand informed his newly appointed defense attorney that the charges had been nolle prossed, and counsel advised him that "it's probably a mistake."  ECF 6 at 1.  On August 3, 2020, Strand, proceeding pro se, filed a Motion for Immediate Release, asserting that his case had been "closed with a disposition of 'Nolle Pros.'"  ECF 11-2 at 89-104.  Judge Wallace denied the motion that same day.  *Id.* at 104.

Strand filed a "Motion for Immediate Release" on August 10, 2020.  He reiterated his position, but Judge Michael R. Pearson rejected it on August 13, 2020.  *Id.* at 105-06.

On August 14, 2020, Strand filed a pleading titled "Issuance of Writ of Habeas Corpus," presenting the same argument and seeking his release.  *Id.* at 107-09.  On August 20, 2020, Judge Nicholas E. Rattal denied the motion by marginal order stating: "No record of case entering nol prosse. Case still pending."  *Id.*  Judge Rattal then issued a formal order on September 1, 2020, denying the "Issuance of Writ of Habeas Corpus."  *Id.* at 110.

Strand filed a "Response to Denial of Writ of Habeas Corpus" on September 15, 2020, asserting the same argument that he had lodged in his previous filings.  *Id.* at 111-13.  The following day, Judge Rattal entered an Order stating, in pertinent part, *id.*at 114-16:

> A review of the defendant's case file demonstrated that there was no evidence to support his claim, and that the charges in his case had not been dismissed. Accordingly, the undersigned found the defendant's confinement to be lawful and denied his Petition for Writ of Habeas Corpus.

In his letter of response, the defendant re-asserted his claim that his charges had been dismissed and attached photographs of his case on Maryland Case Search in support.  The photographs portrayed that each of the defendant's charges had been entered nolle prosequi by the State, with a disposition date of October 2, 2019. Following the Court's second thorough review of the defendant's case file, the Court stands by it's [sic] finding that the defendant's charges had not been dropped. The defendant was not present in court on October 2, 2019, and there is nothing in the file to indicate that anything happened in his case on October 2, 2019. Additionally, there is no daily sheet produced from any hearing for an individual with the defendant's name or case number.  This was confirmed by a review of every daily sheet from each case that was heard in the courthouse on that date.

Further, there is no daily sheet to support the docket entry that there was an adult case finding or disposition on October 2, 2019, and no evidence that the State filed a line to nolle pross the charges at any point throughout the defendant's case. Generally, when a case is nolle prossed in open court, both the judge and the deputy need to sign the docket entry confirming the entry of nolle prosequi, a release order is sent to the jail that same day, and the defendant is released.  There is no evidence in the record that any of these additional steps were taken, which further supports the Court's position.

Finally, the defendant appeared for a status hearing before the Honorable Beverly J. Woodard on June 30, 2020 and failed to raise the alleged dismissal with the Court.  On the contrary, the daily sheet from that hearing reveals that the defendant was considering a plea that had been offered by the State.  At that time, the case was ordered to continue in due course so that the defendant could consider the plea offer, and he was advised of his new trial date on January 21, 2021.

The Criminal Clerk's Office was contacted about this matter, and the Court discovered that a clerical error had been made, resulting in misinformation being provided to Maryland Case Search.  The Clerk's Office advised the docket entry on October 2, 2019 was made inadvertently, and that no adult finding had been made in the case.  Because Maryland Case Search obtains its information from the Clerk's Office and then uses it to populate[] the online case search application, the defendant's charges were mistakenly listed as nolle prossed.  The Clerk's Office is now aware of the error and will correct its records, which will in turn cause Maryland Case Search's records to be corrected.

As the Court previously stated on September 1, 2020, there is no evidence in the file to support the defendant's allegations.  His case remains active and his charges have not been dismissed.

On September 18, 2020, the docket in Strand's criminal case was corrected to reflect that

the case was active and awaiting Strand's consideration of a plea offer.  *Id.* at 124.  Strand filed

3

another response to the Circuit Court's order indicating that he disagreed with the disposition. *Id.* at 117-18. Nothing in the Circuit Court docket indicates that Strand filed an application for leave to appeal the denial of habeas corpus relief to the Maryland Court of Special Appeals. *See State v. Strand*, Case No. CT-18-1106B (Cir. Ct. Pr. George's Cnty.), available at http://casesearch.courts.state.md.us; *see also* Md. Code, Cts. & Jud. Proc. § 3-707 (stating that "a petitioner may apply to the Court Special Appeals for leave to appeal . . . within ten days after the denial or grant of habeas corpus relief").

Strand filed the instant Petition in this Court on August 12, 2020, two days before he filed his petition in state court. ECF 1. He continues to challenge his detention in light of nolle prosequi being entered on his criminal charges on October 2, 2019, and he seeks immediate release. *Id.*[1] Without providing documentation, Strand claims that following the Circuit Court's denial of his Motion for Immediate Release, he presented this issue to the Maryland Court of Special Appeals, which declined to address the matter due to lack of jurisdiction. ECF 16 at 4. Strand does not dispute Respondent's assertion that he failed to appeal from the Circuit Court's denial of habeas corpus relief. *See id.*

---

[1] In ECF 16, Strand summarily asserts that even if nolle prosse had been entered erroneously, he is entitled to immediate release. *Id.* at 1. As Respondent correctly notes, however, Strand "fails to understand or acknowledge that docket entries, input by courtroom clerks, are only reflective of what is in a court's case file and is not the official court record." ECF 11-1 at 10. The law is well-settled that when there is "conflict between the recitals of the record proper as to a matter properly a part thereof and the recitals of the bill of exceptions . . . the record proper controls." *Roach v. United States*, 51 F.2d 65, 66 (4th Cir. 1931) (citations omitted). Thus, a nolle prosse entered on the docket that contradicts the court record would not entitle Strand to the relief that he seeks.

In any event, dismissal on basis of nolle prosequi does not operate as acquittal in Maryland and a subsequent indictment of Strand on the same charges following the entry of nol prosse based on a clerical error would not violate the "prohibition against multiple prosecutions and multiple punishments, proscribed by the Double Jeopardy Clause through the Fifth and Fourteenth Amendments." *State v. Garner*, 68 Md. App. 445, 453, 511 A.2d 1144, 1146-49 (1986).

At this time, Strand's criminal trial in state Circuit Court is scheduled to begin on October 12, 2021. *See State v. Strand*, Case No. CT-18-1106B.

## II.    Discussion

A habeas petitioner must exhaust all available state court remedies before seeking habeas corpus relief in this Court. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

In Maryland, "[a] judge of the circuit court for a county, of the Court of Special Appeals, or of the Court of Appeals has the power to grant the writ of habeas corpus and exercise jurisdiction in all matters pertaining to habeas corpus." Md. Code, Cts. & Jud. Proc., § 3-701. Where, as here,

Strand failed to appeal from the Circuit Court's denial of his request for habeas corpus relief, he has failed adequately to exhaust the available State remedies.  Therefore, the Petition shall be dismissed, without prejudice.

### III.    Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Strand fails to meet this standard.  Therefore, a Certificate of Appealability shall not issue.[2]

### IV.    Conclusion

For the foregoing reasons, the Petition is DISMISSED, without prejudice.  The court declines to issue a Certificate of Appealability.  A separate Order follows.

May 7, 2021                                         _____/s/_____
Date                                                  Ellen L. Hollander
                                                      United States District Judge

---

[2] This ruling does not bar Strand from seeking a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.